UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL         'O'

| | | | |
|---|---|---|---|
| Case Nos. | 2:16-cv-05972-CAS | Date | March 29, 2017 |
| Title | IN RE RAOUF ROAHDY KHALIL | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |

| Catherine M. Jeang | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant | Attorneys Present for Appellee |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) – ORDER RE: APPELLANT'S MOTION TO STRIKE (Dkt. 13, filed March 17, 2017)**

On December 19, 2016, appellant Steven Goldman filed his opening brief. Dkt. 9. On February 8, 2017, the Court entered an order ("OSC") noting that appellee had not filed a timely responsive brief, and requiring him to show cause by March 2, 2017 why the appeal should not be sustained based on his failure to file an opposition brief. Dkt. 10. On February 27, 2017, appellee filed a declaration in response to the OSC and a response in opposition. Dkts. 11, 12.

On March 17, 2017, appellant filed a motion to strike the opposition. Dkt. 13. Appellant argues that the opposition should be stricken because it was filed two months late, and because appellee did not adequately respond to the OSC. The Court disagrees. As to the first argument, there is no indication that appellee's delay caused appellant prejudice or that appellee's delay was willful. Striking the opposition and deeming appellee to have consented to the relief sought by appellant would be unduly harsh. As to the second argument, appellee filed a timely response to the OSC stating that he did not know the judgment could be overturned based on his failure to file an opposition brief, that he is currently a resident of United Arab Emirates, and that he cannot afford a lawyer to help with his appeal. Dkt. 11 ¶ 1. The Court is satisfied with this response.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL　　　'O'

| | | | |
|---|---|---|---|
| Case Nos. | 2:16-cv-05972-CAS | Date | March 29, 2017 |

| | |
|---|---|
| Title | IN RE RAOUF ROAHDY KHALIL |

---

Appellant also argues that the Court should strike the opposition because it appears to be ghostwritten by an attorney. The Court will not do so.[1] Ghostwriting is certainly a breach of an attorney's duty of candor to the court, and an attorney who engages in ghostwriting is subject to sanctions. See, e.g., *Evangelist v. Green Tree Servicing, LLC*, No. 12-cv-15687, 2013 WL 2393142, at *3 & n.6 (E.D. Mich. May 31, 2013). But appellant has not shown that appellee's brief was ghostwritten by an attorney. Appellant argues that the Court can infer that it was because appellee's conduct before the bankruptcy court suggested he was "unaware of the basic rules regarding the introduction of evidence and testimony," while his brief was "coherent" and contained "numerous factual and legal citations." Dkt. 13 at 10. But even if appellee lacked knowledge of the rules of evidence and trial procedure, it does not follow that he lacked the ability to conduct legal research and prepare a coherent brief. Coherent, well-researched pro se briefs are not uncommon. See, e.g., *Lewis v. Connecticut Com'r of Correction*, 790 F.3d 109, 118 (2d Cir. 2015) (habeas petitioner filed "clear and well-researched pro se brief"). And as Judge Morrow noted, appellee is hardly unsophisticated. He was previously the CEO of a company that obtained contracts worth tens of millions of dollars from the federal government, and, proceeding pro se, he successfully defended against each of appellant's claims before the bankruptcy court.[2]

---

[1] Appellant advanced a similar argument on his first appeal. Judge Morrow refused to strike appellee's brief because (1) she could not conclusively determine that Khalil's brief was ghostwritten by an attorney and (2) appellant cited no authority that endorsed striking a ghostwritten brief. Case No. 2:14-cv-06630-MMM (Doc. 46 at 20–22).

[2] Appellant contends that there are "significant stylistic differences" between that brief and prior filings by appellee. Doc. 13 at 10. But even if such stylistic differences do exist, it does not follow that the opposition was ghostwritten by *an attorney*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL    'O'

| | | | |
|---|---|---|---|
| Case Nos. | 2:16-cv-05972-CAS | Date | March 29, 2017 |
| Title | IN RE RAOUF ROAHDY KHALIL | | |

    Even if the Court were to conclude that appellee's opposition brief was ghostwritten, appellant has not pointed the Court to any authority suggesting that the pro se *party* should be sanctioned because an attorney has acted unethically in helping the party. Striking the opposition and deeming appellee to have consented to the relief sought by appellant would be tantamount to sanctioning appellee. That is "too drastic a remedy." Smallwood v. NCsoft Corp., 730 F. Supp. 2d 1213, 1223 (D. Haw. 2010). If attorney ghostwriting did occur, that is an ethical issue that should not affect the merits of this case. See generally Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) (recognizing strong federal policy of deciding cases on their merits).

    The motion to strike, dkt. 13, is **DENIED**. Appellant shall file a reply within seven days of this order.

| | |
|---|---|
| 00 : 00 | |
| CMJ | |